

**SIGNED THIS 23rd day of October, 2019**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COBALT COAL, LLC, | ) | Case No. **19-70149** |
| | ) | |
| Debtor. | ) | |

### AGREED ORDER RESOLVING DEBTOR'S AMENDED MOTION TO ASSUME LEASE WITH STEINMAN DEVELOPMENT COMPANY

This matter came before the Court upon the Amended Motion to Assume Lease with Steinman Development Company (the "Amended Motion to Assume")(Docket No. 50) filed by Cobalt Coal, LLC (the "Debtor"), the Objection to the Amended Motion to Assume (Docket No. 58) filed by Steinman Development Company ("Steinman") and the Notice of Withdrawal of Certain Defaults Under the Steinman Lease (Docket No. 82) filed by Steinman. Upon consideration of the record of this chapter 11 case; and it appearing that this Court has jurisdiction to consider the Amended Motion to Assume pursuant to 28 U.S.C. §§ 1334 and 157; and it appearing that this is a core matter pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this chapter 11 case and of the Amended Motion to Assume is proper

1

pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Amended Motion to Assume has been given under the circumstances, and that no other or further notice need be given; upon agreement of the Debtor and Steinman; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED that:

1. The Amended Motion is GRANTED, as stated herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Steinman Lease,[1] in its entirety, and the two mining permits associated with the Steinman Lease (Permit Nos. 1102121 and 1100822), are hereby assumed by the Debtor, with such assumption being effective as of the Effective Date (as defined below).

3. The following amounts necessary to cure all defaults under the Steinman Lease through the Effective Date (as defined below) are hereby allowed in favor of Steinman (collectively, the "Cure Amounts"):

    a. $58,013.26 on account of the amount due and owing under the Steinman Lease as of the Petition Date;

    b. $34,456.22 on account of attorneys' fees and expenses incurred by Steinman from the Petition Date through October 9, 2019;

    c. Unpaid post-petition royalties due under the Steinman Lease from October 2019 through the Effective Date (as defined below);

    d. The second installment of the 2019 real estate taxes due under the Steinman Lease; and

    e. The amount of attorneys' fees and expenses incurred by Steinman from October 10, 2019 through the Effective Date (as defined below).

---

[1] The Steinman Lease refers to that certain Lease dated December 12, 2012, and all amendments thereto, whereby the Debtor leases approximately 4,093 acres of land located in Dickenson County, Virginia from Steinman.

4. The Debtor shall pay all Cure Amounts allowed pursuant to sub-paragraphs 3(a), 3(b), 3(d) and 3(e) in full to Steinman on the earlier of: (i) sixty days from the date of this Order or (ii) the closing of the sale of the real property subject to the Steinman Lease (the "Effective Date"). The Debtor shall pay the Cure Amount allowed pursuant to sub-paragraph 3(c) to Steinman as follows: (i) the October 2019 minimum royalty payment in the amount of $25,000.00 shall be paid in full on or before October ~~25~~ 28, 2019; (ii) the November 2019 minimum royalty payment in the amount of $25,000.00 shall be paid in full on or before November 20, 2019 and (iii) the December 2019 minimum royalty payment in the amount of $25,000.00 shall be paid in full on or before December 20, 2019.

5. If the Debtor fails to pay any of the Cure Amounts to Steinman ~~in accordance with paragraph 4 of this Order~~ on or before the Effective Date, the Steinman Lease shall be deemed rejected ~~and terminated~~ as of the Effective Date, the automatic stay of 11 U.S.C. § 362(a) shall be deemed terminated as of the Effective Date with respect to the Steinman Lease and Steinman shall be permitted to exercise any and all non-bankruptcy remedies to protect its interest under the Steinman Lease.

6. Notwithstanding anything in this Order, Steinman specifically reserves, and does not waive, any rights to object to or contest the approval of any disclosure statement or confirmation of any plan of reorganization or liquidation filed by the Debtor in this case.

7. Any claims arising out of the rejection of the Steinman Lease must be filed on the date that is forty-five (45) days after the Effective Date.

8. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**End of Order**

the Debtor shall be required to act in accordance with section 365(d)(4)(A) of the Bankruptcy Code,

Seen and Agreed:

*/s/ Brandy M. Rapp*
Brandy M. Rapp (Virginia Bar # 71385)
Whiteford, Taylor & Preston LLP
10 S. Jefferson Street, Suite 1110
Roanoke, Virginia 24011
540.759.3579
540.759.3569 (fax)
brapp@wtplaw.com

*Counsel for Steinman Development Company*

Scot S. Farthing (VSB #44045)
Scot S. Farthing, Attorney at Law, PC
P.O. Box 1315 / 490 W. Monroe St.
Wytheville, VA 24382
(276) 625-0222
(276) 625-0333 (fax)
scotf@sfarthinglaw.com

*Counsel for the Debtor*

Al Kroontje
Co-Manager, Cobalt Coal, LLC

Seen:

B. Webb King, Trial Attorney (VSB #47044)
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, VA 24011
(540) 857-2838
webb.king@usdoj.gov

*Counsel for Acting U.S. Trustee John P. Fitzgerald, III*

4