IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| Cobalt Coal, LLC | ) | |
| Debtor | ) | Case Number: 19-70149 |

## NOTICE OF HEARING

Please be advised I will argue the following Debtor's Motion for Entry of Order Dismissing Chapter 11 Case on **December 5, 2019, at 10:30 a.m.** in the United States Bankruptcy Court, U.S. Courthouse, 180 West Main Street, Abingdon, VA 24210.

## DEBTOR'S MOTION TO SHORTEN NOTICE AND FOR ENTRY OF ORDER DISMISSING CHAPTER 11 CASE

Comes now the debtor, Cobalt Coal, LLC (the "Debtor"), the debtor and debtor-in-possession in the above-captioned Chapter 11 case, by counsel, pursuant to 11 U.S.C. §§ 105(a) and 1112(b) and Fed. R. Bankr. P. 1017(a), and submits this motion to shorten notice and for entry of an order, dismissing its Chapter 11 case and granting such other and further relief as requested herein or as the Court otherwise deems necessary and appropriate. In support of this Motion, the Debtor respectfully represents as follows:

### Jurisdiction

1. The United States Bankruptcy Court for the Western District of Virginia has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are 11 U.S.C. §§ 105(a) and 1112(b), as supplemented by Bankruptcy Rule 1017(a).

### Motion to Shorten Notice

4. Fed. R. Bankr. P. 2002(a) requires the Debtor to give 21 days' notice of a hearing on a motion to dismiss.

5. The Court may shorten the notice period pursuant to Fed. R. Bankr. P. 2002(a) and 9006(c).

6. Cause exists to shorten the notice period in order for Debtor to dismiss its case to hasten its production of coal outside of bankruptcy, more easily obtain contracts with coal buyers and mining contractors; additionally, there are limited creditors in this case, each of which are represented by counsel that receive electronic notice of these motions, and the creditors will not be prejudiced with this shortened notice.

### Background

7. On January 31, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

8. The Debtor is operating its business and managing its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

### Relief Requested

9. By this Motion, the Debtor requests entry of an order, pursuant to 11 U.S.C. §§ 105(a) and 1112(b) and Fed. R. Bankr. P. 1017(a), dismissing the Chapter 11 case and granting such other and further relief as requested herein or as the Court otherwise deems necessary or appropriate.

## Basis for Relief

10. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a).

11. The Bankruptcy Code provides that a court may dismiss a debtor's Chapter 11 case "for cause" after notice and a hearing. 11 U.S.C. 1112(b)(1). The determination of cause and the decision to dismiss rests within the discretion of the Court. *See In re Nugelt, Inc.*, 142 B.R. 661, 665 (Bankr. D. Del. 1992)(stating that "courts have wide latitude in determining whether cause exists to convert or dismiss" a Chapter 11 case). "The determination of whether cause has been shown must be made on a case-by-case basis, and cause is not limited to the enumerated grounds of § 1112(b)." *In re Young*, 76 B.R. 376, 378 (Bankr. D. Del. 1987).

12. Debtor has applied for approval of a mine plan with Steinman for it to proceed to mine coal from the leased real estate. Coal buyers do not want to purchase coal from an entity that is in a bankruptcy case because that potentially requires legal fees for the buyer to follow and review the bankruptcy proceeding, and one potential buyer of the coal that is the nearest potential buyer located within a reasonable distance such that run-of-mine coal can be delivered economically by trucks, said specifically it would not purchase coal from a bankruptcy debtor.

13. Debtor has concerns that potential mine operators would have the same reservations as the coal buyers about going to work for a bankruptcy debtor.

14. The Debtor hopes to have cured the Steinman Lease defaults prior to the December 5, 2019, hearing and in so doing will have satisfied the terms of the Agreed Order Resolving Debtor's Amended Motion to Assume Lease with Steinman Development Company [Docket Entry #86] ("Steinman Order"), which allowed for dismissal of its Chapter 11 case.

15. The Overriding Royalty Holders and Ken Stanley each have executory contracts with the debtor for which the hearings on the Debtor's motions to assume these agreements is scheduled for January 9, 2020. The parties to these executory contracts retain all their rights to enforce, and/or negotiate cures or amendments to their agreements with the debtor after the dismissal of this case and are not prejudiced by the dismissal of this case. Furthermore, dismissal from the bankruptcy will enhance efforts to settle all disputes and enhance the likelihood of negotiated payments.

16. Vue Carbon Limited is the only unsecured creditor in this case and the debtor has objected to its proof of claim; a pretrial hearing on the debtor's objection to this claim is scheduled for January 9, 2020. Vue Carbon Limited and the debtor have all remedies to pursue and defend their claims after the dismissal of this Chapter 11 case, and neither party is prejudice by the dismissal of this case.

17. Debtor is working with a third party to settle all disputes with the secured creditors. Dismissal from the bankruptcy is expected to facilitate all negotiations and funding efforts to settle with all secured creditors, provide working capital and commence profitable mining.

18. Debtor seeks dismissal to better operate its business without its potential contractors and customers having reservations about dealing with a bankruptcy debtor.

19. Once the Court determines "cause" exists to dismiss a Chapter 11 case, the Court then evaluates whether dismissal is in the best interest of the creditors and the estate. *In re Superior Siding & Window, Inc.*, 14 F.3d 240, 243 (4th Cir. 1994). In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

20. Dismissal, rather than conversion, is appropriate and in the best interest of creditors and the estate because the Debtor has no assets that would be available to unsecured creditors upon conversion to Chapter 7. *See In re 3 RAM, Inc.* 343 B.R. 113 (Bankr. E.D. Penn. 2006) (finding that dismissal was appropriate where the debtor's only asset was fully

encumbered and, thus, there was no estate for a Chapter 7 Trustee to administer). *In re Emergystat of Sulligent, Inc.*, 2008 Bankr. LEXIS 566 (Bankr. E.D. Tenn. 2008) (deciding that dismissal was proper where no evidence that there were any assets available for unsecured creditors upon conversion to Chapter 7).

21. The Debtor desires that its Chapter 11 case be dismissed rather than converted to a case under Chapter 7, and the creditors are not in any different position outside of bankruptcy than in a Chapter 7 liquidation.

22. The Debtor is current with all if its fees owing to the United States Trustee's Office, or will be current upon dismissal of this case.

23. This is not a structured dismissal and does not violate the decision of *Czyewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017).

24. Dismissal of the Chapter 11 case will maximize the value of the Debtor's estate because the alternative – conversion to a Chapter 7 liquidation and appointment of a trustee – is unnecessary and could impose significant additional administrative costs upon the Debtor's estate.

25. Debtor proposes a bar to refiling another bankruptcy case for a period of eight months from the entry of this case's dismissal order.

Wherefore, for the reasons set forth above, the Debtor respectfully requests that the notice of hearing on the Motion to Dismiss be shortened to allow the hearing to proceed on December 5, 2019, at 10:30 a.m. and that the Court enter an Order dismissing its Chapter 11 case and granting such other and further relief as requested herein or as the Court otherwise deems necessary and appropriate.

                                        COBALT COAL, LLC
                                        -By Counsel-

_____
Scot S. Farthing (VSB#44045)
Scot S. Farthing, Attorney at Law, PC
P.O. Box 1315 / 490 W. Monroe St.
Wytheville, VA 24382
(276) 625-0222
scotf@sfarthinglaw.com

## Certificate of Service

This is to certify that I have this 19th day of November, 2019, filed the foregoing in the Court's CM/ECF system with copies served electronically on the U.S. Trustee and any other creditors receiving notice through the Court's CM/ECF system, and mailed a true copy of the foregoing Motion via first class mail, postage prepaid, to all creditors on the mailing matrix.

_____
Scot S. Farthing